# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

RICARDO WOODS,

        Petitioner,       :      Case No. 1:16-cv-643

  - vs -                           District Judge Michael R. Barrett
                                   Magistrate Judge Michael R. Merz

TERRY A. TIBBALS, Warden,
  Allen Oakwood Correctional Institution,

                                          :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought by Petitioner Ricardo Woods pursuant to 28 U.S.C. § 2254 with the assistance of counsel, is before the Court on Petitioner's Objections (ECF No. 20) to the Magistrate Judge's Report and Recommendations on the merits ("Report," ECF No. 19). The Warden has not responded to the Objections and his time to do so under Fed. R. Civ. P. 72(b) expired August 11, 2017. Judge Barrett has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 21).

Petitioner's Objections are thirty-five pages long, but beginning at PageID 4176 they repeat verbatim Petitioner's Reply to the Return of Writ (Compare Reply, ECF No. 17, PageID 3969-3997 with Objections, ECF No. 20, PageID 4176-4204). Since the Magistrate Judge has already analyzed the Reply in writing the original Report, this Supplemental Report will be confined to the new matter included in the Objections. Petitioner raises six objections which are treated seriatim.

1

**First Objection: Error in Deciding Dying Declaration Claim**

In his First Ground for Relief, Woods claims the trial court violated his rights under the Confrontation Clause when it admitted into evidence an identification of him as the offender produced by having the murder victim, Chandler, blink his eyes in response to certain stimuli. Chandler had died by the time of trial and was not available for cross-examination. The Report noted this claim was presented on direct appeal to the First District Court of Appeals and decided on the merits, meaning that decision was to be reviewed in habeas under the AEDPA deferential standard of 28 U.S.C. § 2254(d)(1). Petitioner conceded that was the correct standard but argued the First District's decision was contrary to *Giles v. California*, 554 U.S. 353 (2008).

*Giles* was concerned with whether the common law hearsay exception for testimony from a witness whose absence was procured by the defendant would satisfy the Confrontation Clause where the defendant had killed the witness. Justice Scalia wrote for the Court as he often did on Confrontation Clause issues after his seminal opinion in *Crawford v. Washington*, 541 U.S. 36 (2004). He stated the issue before the Court as being "whether a defendant forfeits his Sixth Amendment right to confront a witness against him when a judge determines that a wrongful act by the defendant made the witness unavailable to testify at trial." Giles was the but-for cause of the witness's absence because he killed her; that was enough for the California Supreme Court, but not for Justice Scalia. In *Crawford*, the Court had held that the Confrontation Clause is "most naturally read as a reference to the right of confrontation at common law, admitting only those exceptions established at the time of the founding." 554 U.S. at 358, citing *Crawford,* 541 U.S. at 54. Justice Scalia noted that the Crawford Court had concluded "that two forms of testimonial statements were admitted at common law even thought they were unconfronted," to

wit, the dying declaration and forfeiture by wrongdoing exceptions. No party had asserted the dying declaration exception was involved in *Giles*, so the Court analyzed only the forfeiture by wrongdoing exception and concluded it was not available unless the prosecution could show that Giles killed the witness with the intention or design of making him unavailable. *Giles*, 554 U.S. 359-60. Justice Scalia makes it very clear throughout his opinion that he is discussing only the forfeiture by wrongdoing exception and not the dying declaration exception.

The Report concluded there was no holding in *Giles* about the constitutional scope of any dying declaration exception to the Confrontation Clause (Report, ECF No. 19, PageID 4132). Petitioner objects that although

> *Giles* involved the forfeiture by wrongdoing exception to the Confrontation Clause, the Court was clear in its pronouncement – as a matter of historical precedent – that there exists a dying declaration exception to the Confrontation Clause as well, and that the exception requires objectively imminent death. *Id*. at 358. The Court did so by relying upon centuries-old precedent defining the dying declaration exception in objective, rather than subjective terms. *Id*. (defining dying declaration as a statement "made by a speaker who was both on the brink of death and aware that he was dying") (citing *King v. Woodcock,* 1 Leach 500, 501–504, 168 Eng. Rep. 352, 353–354 (1789); *State v. Moody,* 3 N.C. 31 (Super. L. & Eq. 1798); *United States v. Veitch,* 28 F. Cas. 367, 367–368 (No. 16,614) (CC DC 1803); *King v. Commonwealth,* 4 Va. 78, 80–81 (Gen.Ct.1817). As such, whether the Court relied upon the dying declaration exception to resolve the issues in *Giles* is immaterial.

(Objections, ECF No. 20, PageID 4170-71.) What Justice Scalia did in the cited portion of *Giles* was indeed to describe the dying declaration exception as it existed at common law at the time of the founding. But that description of the common law dying declaration exception is dictum, unnecessary to the decision of the constitutional scope of the forfeiture by wrongdoing exception.

28 U.S.C. § 2254(d)(1) says a habeas court must defer to a state court decision of a constitutional issue unless it is contrary to "clearly established law Federal law, as determined by the

Supreme Court of the United States." The Supreme Court itself has made it clear that this phrase refers to holdings of Supreme Court cases, and not dicta. "'[C]learly established Federal law'" for purposes of §2254(d)(1) includes only "'the holdings, as opposed to the dicta, of this Court's decisions.'" *Howes v. Fields*, 565 U. S. 499, 505, 132 S.Ct. 1181, 182 L. Ed. 2d 17, 25 (2012) (quoting *Williams v. Taylor*, 529 U. S. 362, 412, 120 S.Ct. 1495, 146 L. Ed. 2d 389 (2000)); *White v. Woodall*, 572 U.S. ___, 134 S.Ct. 1697, 188 L. Ed. 2d 698 (2014).

There is no United States Supreme Court holding on the parameters of the dying declaration exception to the Confrontation Clause, as the Sixth Circuit recognized in *Walker v. Harry,* 462 Fed. Appx. 543, 545-46 (6th Cir. 2012).

**Second Objection: Further Error in Deciding Dying Declaration Claim**

In his second objection (ECF No. 20, PageID 4171), Petitioner argues the Magistrate Judge "should have considered whether the victim's death was objectively imminent before denying Woods' Confrontation Clause claim." For the reasons given above as to the First Objection, this objection is irrelevant. This Court could consider that question only if the Supreme Court had held that objective imminence was a constitutional requirement for the dying declaration exception to the Confrontation Clause. It has not done so.

**Third Objection: Error in Deciding the *Batson* Issue**

The First District and the Report concluded the trial judge committed error in her application of *Batson v. Kentucky*, 476 U.S. 79 (1986), by requiring Defendant to show a pattern of race-based peremptory challenges before raising a *Batson* claim (Report, ECF No. 19, PageID

4

4138, et seq.). When the prosecutor made a peremptory challenge to a second African-American venireperson, the trial judge required him to make a race-neutral explanation as to both excluded persons and found he failed to do so with respect to Ms. Laury, the first person excused. An obvious remedy would have been to seat Ms. Laury at that point, but she had already been excused and apparently[1] been permitted to depart from the courthouse. Both the First District and the Magistrate Judge put the responsibility for allowing the trial to continue on Woods' shoulders. Petitioner objects that "[t]o the contrary, it was the trial court's responsibility to ensure that Woods' guilt or innocence was judged by a racially balanced jury, and the trial court committed reversible, structural error in failing to uphold its duty." (Objections, ECF No. 20, PageID 4171-72.)

There is no constitutional right to a "racially balanced" jury. The right protected by the Fourteenth Amendment as interpreted in *Batson* is the right not to be tried by a jury from which a potential juror has been intentionally removed on the basis of race.

However, it is clear in this case that Woods' rights under the Fourteenth Amendment were violated when Ms. Laury was removed. Judge Myers found as much when she concluded the prosecutor's reasons were not race neutral and upheld the *Batson* challenge. (Report, ECF No. 19, PageID 4141, citing Trial Tr., ECF No. 10-26, PageID 1533.)

Once the violation was found, the question was what remedy should be applied. Petitioner now argues that only two constitutional remedies were available: reseating Ms. Laury or summoning a new venire. The Report hypothesized that Ms. Laury had been excused to the point that she was no longer physically available, although the record does not show that conclusively.

Assuming Ms. Laury could not have been reseated, the Report concluded the only

---

[1] The record is incomplete on this point.

5

appropriate remedy would have been to move for a new venire (Report, ECF No. 19, PageID 4142). The Report concluded it was invited error for defense counsel to allow the trial to go forward with the *Batson* error in place. *Id.* at PageID 4142-43. Petitioner objects that Judge Myers was constitutionally obliged to summon a new venire *sua sponte*. (Objections, ECF No. 20, PageID 4172-74, relying on *Drain v. Woods*, 595 Fed. Appx. 558 (6th Cir. 2014).

*Drain* is parallel to the instant case in many respects. There the trial judge, having raised the *Batson* question *sua sponte*, found a *Batson* violation but did nothing adequate to cure it:

> Despite finding that the prosecutor's strikes were racially motivated, the trial court failed to cure the *Batson* violations that had already occurred, requiring only that the prosecutor approach the court for permission before striking any more African American or minority venire persons. Petitioner's counsel remained silent, failing to raise any objection to this plainly inadequate remedy.

595 Fed. Appx. at 561. *Drain* was cited to this Court for the first time in the Objections; it was not cited in Petitioner's Reply (ECF No. 17). In discussing the trial court's failure to remedy the *Batson* violation, Judge Clay wrote that "[i]n the absence of any remedial action undertaken by the trial court, the existence of an unmitigated *Batson* violation requires that the conviction be vacated," *Id.* at 581, citing *Rice v. White,* 660 F.3d 242 (6th Cir. 2011), which itself relied on *Batson* for this proposition of law. While Judge Clay does not say so explicitly, a fair inference from the *Drain* decision is that failure to remedy a *Batson* violation by reseating the improperly challenged juror or summoning a new venire results in a conviction that violates the Fourteenth Amendment as interpreted in clearly established federal law from the Supreme Court. Although *Drain* is unpublished, it relies on a holding from *Batson*.

The difficulty with Petitioner's present position on the *Batson* violation is that it is raised too late. Woods' present claim is that it was unconstitutional to proceed with trial with a *Batson*-

6

infected jury. But that claim is not made in the Petition. The Third Ground for Relief asserts only that a *Batson* violation occurred when Judge Myers "require[ed] Woods to demonstrate a pattern of race-based jury strikes before shifting the burden to the state to offer a race-neutral explanation." (Petition, ECF No. 1, PageID 9).

More importantly, Woods never raised on direct appeal the claim he now makes. His Second Assignment of Error on direct appeal presented only one issue for review: "*Batson* does not require a pattern of discrimination to set forth a prima facie case or to require a race-neutral explanation from the state." (Appellant's Brief, State Court Record Ex. 24, ECF No. 10, PageID 249). Nowhere does Woods assert that Judge Myers was constitutionally required to *sua sponte* dismiss the venire. *Id.* at PageID 267-68. Nowhere in the First District's decision is there any indication it was presented with the claim now made. Instead, it understood the Second Assignment of Error as it was written, to wit, that the trial judge erred in requiring a pattern of discrimination. *State v. Woods,* 2014-Ohio-3892, 2014 Ohio App. LEXIS 3820¶¶ 28-31 (1st Dist. Sept. 10, 2014).

Although the Respondent recited general law on procedural default in the Return (ECF No. 11, PageID 3904-06), it did not specifically apply that defense as to this Third Ground for Relief, presumably because the *Batson* claim was phrased in the Petition in exactly the same language that was used in the Second Assignment of Error on direct appeal. It is not inappropriate for the Court to raise a procedural default defense *sua sponte*. *Sowell v. Bradshaw*, 372 F.3d 821, 830 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416 (6th Cir. 2002)(§ 2254 capital case)*; White v. Mitchell,* 431 F.3d 517, 514 (6th Cir. 2005)(capital case); *Elzy v. United States,* 205 F.3d 882 (6th Cir. 2000)(§ 2255 case). It is appropriate to raise the procedural default defense here where the claim now argued (Judge Myers was constitutionally required to summon

7

a new venire *sua sponte*) was not made in the Petition. Certainly the State did not affirmatively waive the defense by not raising it when not called on to do so by the wording of the Petition.

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013). Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir. 1985), *cert denied,* 474 U.S. 831 (1985).

It would be arguable that failure to raise the claim now made on direct appeal was the result of ineffective assistance of appellate counsel.[2] However, such a claim would have to be presented first to the First District Court of Appeals on a delayed application for reopening under Ohio R. App. 26(B) and itself would be subject to procedural default analysis. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Because Petitioner's *Batson* claim as it is now made was procedurally defaulted by failure to fairly present it to the First District Court of Appeals, it should be dismissed with prejudice.

---

[2] Present counsel could not make that argument because she represented Woods on direct appeal.

**Fourth Objection: General Error in Denying Claims Two, Four, Five, Six, Seven, Eight, Nine, Ten, and Eleven**

In his Fourth Objection, Petitioner states in conclusory form that the Magistrate Judge erred in denying claims Two, Four, Five, Six, Seven, Eight, Nine, Ten, and Eleven (Objections, ECF No. 20, PageID 4175). Petitioner makes no argument as to any of these claims, merely stating "[t]his objection is made to preserve the record and to avoid waiver of arguments for possible appeal." *Id.* at n. 2.

This general objection is unavailing to preserve unstated issues for appeal.

> Under the *Walters* rule [*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981)], only specific objections to the Report will be preserved for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). This is because our "function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 753 (6th Cir. 2011) (internal quotation marks and citation omitted).

*Henson v. Warden*, 2015 U.S. App. LEXIS 13444 *7 (6th Cir. 2015); *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

**Fifth Objection: Certificate of Appealability Error**

In his Fifth Objection, Woods claims, again in conclusory terms, that the Magistrate Judge erred in not recommending a certificate of appealability on Grounds Two, Four, Five, Six, Seven, Eight, Nine, Ten, and Eleven. (Objections, ECF No. 20, PageID 4176). The only argument made on this Objection is "[r]easonable jurists could disagree as to the merits of these claims, and the Court should issue a certificate of appealability allowing Woods to raise them on

appeal." *Id.* That is a purely conclusory statement of the standard for a certificate of appealability; it does not even purport to show which reasonable jurists in which cases have disagreed. It is therefore an unavailing general objection as is the Fourth Objection *supra*.

**Sixth Objection: Failure to Clarify Scope of Record**

Petitioner's Sixth Objection is that the Magistrate Judge did not address a discrepancy between the state court record and the federal habeas record before deciding the case (Objections, ECF No. 20, PageID 4176).

While this case was pending on direct appeal, Petitioner filed a Motion to Expand the Appellate Record on March 13, 2014. That Motion and the two items sought to be added are attached to the Reply (ECF No. 17-1). Those items are l) a transcript of the trial court's September 22, 2011, oral ruling on Woods' motion to suppress, and 2) a motion for reconsideration of the trial court's ruling on a motion in limine that was docketed with the Common Pleas Court on December l8, 2012. *Id.* at PageID 3999.

Petitioner represents that those items were not included in the State Court Record as filed by the Respondent and asks that "[t]he Magistrate Judge . . . clarify that this portion of Woods' state court transcript is a part of the federal habeas record before resolving the merits of Woods' case." (Objections, ECF No. 20, PageID 4176.)

Judge Litkovitz's Order for Answer required the State to file "those portions of the state court record needed to adjudicate this case (ECF No. 4, PageID 26). The state court record as filed comprises 3, 857 pages (ECF No. 10, with Attachments 1 through 37). Rule 7 of the Rules Governing § 2254 Cases permits a party to move to expand the record, but it does not give

Petitioner authority to *sua sponte* expand the record by attaching materials to his reply. Petitioner here never moved for expansion of the record, but merely attached these materials to the Reply. Petitioner asserts the First District granted his motion to expand and cites to PageID 405 which is a copy of the docket on appeal. Respondent has nowhere objected to the genuineness of these documents or their inclusion in the record. Accordingly, Petitioner's implicit motion to expand the record to include these items is GRANTED. Petitioner makes no argument in the Objections as to their materiality.

**Conclusion**

Upon reconsideration, the Magistrate Judge adheres to his initial conclusion in this case: The Petition should be dismissed with prejudice. Because the Magistrate Judge's conclusions on the First and Third Grounds for Relief would be debatable among reasonable jurists, Woods should be granted a certificate of appealability on those claims. Because reasonable jurists would not disagree with the conclusions on Grounds Two, Four, Five, Six, Seven, Eight, Nine, Ten, and Eleven , Petitioner should be denied a certificate of appealability on those Grounds.

August 15, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).